UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONARD BERGER & | : | No. 22-1204 |
| TODD BERGER, | : | |
| Plaintiffs | : | |
| V. | : | |
| UNITED STATES OF AMERICA, | | SEPTEMBER 26, 2022 |
| Defendant | | |

## COMPLAINT

### Count One Leonard Berger v United States of America

1. This action arises under the Federal Tort Claims Act 28 U.S.C. §§1346(b), 2401(b) and 2671-80, as hereinafter more fully appears. Before this action was instituted, the claim set forth herein was presented to the United States Army on or about August 26, 2021. The United States Army having failed to make a final disposition of this claim within six months of its filing, the plaintiff deems such failure to be a denial thereof, pursuant to 28 U.S.C. §2675(a). This suit was commenced within six months of that denial of the claim.

2. The plaintiff, Leonard Berger, resides at 10 Phillip Drive Huntington Connecticut, within the jurisdiction of this court.

3. On or about October 15, 2020, at approximately 12:30 p.m., the plaintiff, Leonard Berger, was operating a vehicle, in a northerly direction at or near the exit 3

entrance ramp of Interstate 91 from Trumbull Street, both of which are public roads or highways in New Haven, Connecticut.

4. At the same time and place, one Todd Bavender was the operator of a 2018 Ford Fusion, owned by the United States Government, which was traveling in a Northerly direction at or near the exit 3 entrance ramp of Interstate 91 from State Street, and was operating said vehicle in the course and scope of his employment with the United States Army.

5. At the same time and place Todd Bavender suddenly, and without warning, failed to yield the right of way and struck the passenger side of the plaintiff's vehicle which caused the plaintiff's vehicle to collide with the metal beam guardrail on the side of the road in New Haven, Connecticut causing the plaintiff to sustain and suffer the personal injuries and losses which are hereinafter set forth.

6. The personal injuries and losses sustained by the plaintiff, Leonard Berger, were caused by the carelessness and negligence of Todd Bavender, acting as an agent, servant and/or employee of the defendant, United States of America, at the time of the collision, in one or more of the following ways:

        a. in that he failed to yield the right of way to an oncoming vehicle at a highway junction, in violation of § 14-246a of the Connecticut General Statutes; and/or

      b.      in that he failed to keep a proper and reasonable lookout for other vehicles upon the highway, including the plaintiff; and/or

      c.      in that he failed to apply his brakes in time to avoid a collision with the plaintiff's vehicle, although by a proper and reasonable exercise of his faculties, he could, and should, have done so; and/or

      d.      in that he failed to turn his vehicle in time to avoid a collision with the plaintiff's vehicle although by a proper and reasonable exercise of his faculties, he could, and should, have done so; and/or

      e      in that he was inattentive in the operation of his motor vehicle; and/or

      f.      in that he failed to have and keep his motor vehicle under proper and reasonable control; and/or

7.      As a result of the carelessness and negligence of Todd Bavender, the plaintiff sustained personal injuries and losses.  The accident has caused the plaintiff to sustain a left shoulder rotator cuff tear, left shoulder labral tear, left shoulder adhesive capsulitis, left shoulder osteoarthritis, complications to his diabetes which include the limitation of surgical intervention to repair left shoulder injuries, pain injections to the left shoulder, C3-C4 disc degeneration, back pain; injuries to the nerves, muscles and soft tissues of his body, the full nature and extent of which are presently unknown; great pain and anguish; and a shock to his entire nervous system, some or all of which injuries are, or are likely to be, of a permanent nature.

8. As a further result thereof, the plaintiff, Leonard Berger, was forced to incur financial obligations for his medical care and treatment, diagnostic studies, x-rays, medicines, surgery, physical therapy, and the like and will be forced to expend further such sums in the future.

9. As a further result thereof, the plaintiff, Leonard Berger, was, and in the future will continue to be, unable to carry out his usual and customary activities, all to his further loss and detriment.

10. If the defendant were a private person, it would be liable to the plaintiff in accordance with the laws of the State of Connecticut.

**Count Two Todd Berger v United States of America**

1. This action arises under the Federal Tort Claims Act 28 U.S.C. §§1346(b), 2401(b) and 2671-80, as hereinafter more fully appears. Before this action was instituted, the claim set forth herein was presented to the United States Army on or about August 26, 2021. The United States Army having failed to make a final disposition of this claim within six months of its filing, the plaintiff deems such failure to be a denial thereof, pursuant to 28 U.S.C. §2675(a). This suit was commenced within six months of that denial of the claim.

2. The plaintiff, Todd Berger, resides at 167 Main Street West Haven, Connecticut, within the jurisdiction of this court.

3. On or about October 15, 2020, at approximately 12:30 p.m., the plaintiff, Todd Berger, was a passenger in a vehicle operated by Leonard Berger, traveling in a northerly direction at or near the exit 3 entrance ramp of Interstate 91 from Trumbull Street, both of which are public roads or highways in New Haven, Connecticut.

4. At the same time and place, one Todd Bavender was the operator of a 2018 Ford Fusion, owned by the United States Government, which was traveling in a Northerly direction at or near the exit 3 entrance ramp of Interstate 91 from State Street, and was operating said vehicle in the course and scope of his employment with the United States Army.

5. At the same time and place Todd Bavender suddenly, and without warning, failed to yield the right of way and struck the passenger side of the plaintiff's vehicle which caused the vehicle the plaintiff was traveling in to collide with the metal beam guardrail on the side of the road in New Haven, Connecticut causing the plaintiff to sustain and suffer the personal injuries and losses which are hereinafter set forth.

6. The personal injuries and losses sustained by the plaintiff, Todd Berger, were caused by the carelessness and negligence of Todd Bavender, acting as an agent, servant and/or employee of the defendant, United States of America, at the time of the collision, in one or more of the following ways:

   a. in that he failed to yield the right of way to an oncoming vehicle at a highway junction, in violation of § 14-246a of the Connecticut General Statutes; and/or

      b.      in that he failed to keep a proper and reasonable lookout for other vehicles upon the highway, including the plaintiff; and/or

      c.      in that he failed to apply his brakes in time to avoid a collision with the plaintiff's vehicle, although by a proper and reasonable exercise of his faculties, he could, and should, have done so; and/or

      d.      in that he failed to turn his vehicle in time to avoid a collision with the plaintiff's vehicle although by a proper and reasonable exercise of his faculties, he could, and should, have done so; and/or

      e.      in that he was inattentive in the operation of his motor vehicle; and/or

      f.      in that he failed to have and keep his motor vehicle under proper and reasonable control; and/or

7.      As a result of the carelessness and negligence of Todd Bavender, the plaintiff sustained personal injuries and losses.  The accident has caused the plaintiff to sustain complications to his preexisting multiple sclerosis to include, but not limited to, loss of mobility, drop foot to both left and right feet, migraine headaches, reduction in effectiveness of infusions and increased neck pain.  Further the plaintiff sustained back and neck pain; injuries to the nerves, muscles and soft tissues of his body, the full nature and extent of which are presently unknown; great pain and anguish; and a shock to his entire nervous system, some or all of which injuries are, or are likely to be, of a permanent nature.

8. As a further result thereof, the plaintiff, Todd Berger, was forced to incur financial obligations for his medical care and treatment, diagnostic studies, x-rays, medicines, surgery, physical therapy, and the like and will be forced to expend further such sums in the future.

9. As a further result thereof, the plaintiff, Todd Berger, was, and in the future will continue to be, unable to carry out his usual and customary activities, all to his further loss and detriment.

10. If the defendant were a private person, it would be liable to the plaintiff in accordance with the laws of the State of Connecticut.

**WHEREFORE**, the Plaintiff, Leonard Berger, demands judgment against the defendant in the sum of $500,000.00 and the Plaintiff Todd Berger demands in the sum of $400,000.00 and such other relief as the court deems appropriate.

The plaintiffs' demand a trial by jury.

                        THE PLAINTIFFS,

                        BY_____/S/_____
                        KEITH J. ANTHONY, ESQ.
                        The Law Offices of Keith Anthony, LLC
                        4 Fort Hill Road
                        Groton, CT 06340
                        Tel: 860-333-6455
                        Fax: 860-469-2624
                        Email: keith@attorneykeithanthony.com
                        Federal Bar No.ct28897